JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 5:22-cv-02195-SSS-KKx | Date | September 19, 2023 |
|---|---|---|---|
| Title | *Daniel Barrozo v. Chaffey Community College District, et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE [Dkt. 37]**

## I.   Introduction

Before the Court is a motion to dismiss Plaintiff Daniel Barrozo's second amended complaint (SAC) [Dkt. 35], filed jointly by defendants Chaffey Community College District (College), Susan Hardie, and Michael Fink.  Mot. [Dkt. 37]; Opp. [Dkt 39]; Reply [Dkt. 40].

The motion is **GRANTED**.  All of Plaintiff's ten cause of action are **DISMISSED** in full and without further leave to amend.

## II.   Background

Plaintiff is a former employee of the College, where he worked as an IT technician for approximately six years.  [SAC at ¶¶ 11, 12].  At all times relevant to the complaint, Defendant Hardie served as the College's Director of Human Resources and Defendant Fink served as Plaintiff's supervisor.  [*Id.* at ¶¶ 9, 10].

The College terminated Plaintiff in June of 2022. His firing was preceded by a protracted conflict between Plaintiff and the College concerning Plaintiff's refusal to comply with the College's COVID-19 screening and vaccination policies.

Plaintiff, who suffers from muscular dystrophy and asthma, contends that these conditions prevented him from complying with the disputed College policies. [*Id.* at ¶¶ 21-32]. On this basis, he argues that the employment consequences he suffered due to his refusal to abide by the policies constitutes disability discrimination in violation of the federal Americans with Disabilities Act (ADA) and its California counterpart in the Fair Employment and Housing Act (FEHA). Plaintiff brings related statutory claims for retaliation, hostile work environment, and failure to accommodate plus an additional cause of action against each individual Defendant for intentional infliction of emotional distress.

On July 7, 2023, the Court dismissed Plaintiff's first amended complaint under Rule 8 but granted leave to amend. [Dkt. 34]; Fed. R. Civ. P. 8. Plaintiff timely filed the operative second amended complaint; Defendants move to dismiss.

## III. Discussion

Although Plaintiff has made superficially extensive revisions to his pleadings, he has not addressed the fundamental problems identified in this Court's previous order. There, Plaintiff was instructed that his revised complaint must (1) clearly indicate the sequence in which the events described took place and (2) provide specific factual allegations as to the College's policies concerning medical exemptions from its COVID-19 policies and Plaintiff's own efforts to secure an exemption.

The second amended complaint now before the Court does neither. Plaintiff does not include any useful information about the College's exemption process or its denial of his request. [*See* SAC at ¶¶ 29-37]. His chronology of events remains confusing, improbable, and seemingly incomplete. [*See, e.g.*, SAC at ¶ 37 (indicating that Plaintiff sought an exemption from the vaccine requirement, where the preceding section addresses only the earlier-implemented screening requirement)]. And, despite this Court's emphasis on the requirements of Rule 8(d)(1) as well as counsel's presumed familiarity with the requirements of Rule 12(b)(6), substantial sections of the complaint are either irrelevant to Plaintiff's legal claims or overburdened with subjective characterizations of the Defendants' conduct towards him. [*See id.* at "Nature of the Case"; ¶ 54; ¶ 64 (classifying

Defendants' behavior as "truly repulsive"); ¶ 74 (alleging that Defendant Fink "berated," "humiliated," "demeaned," and "ridiculed" Plaintiff).]

Plaintiff has already been granted one chance to amend his complaint. Despite this opportunity, he has offered little reason to believe that he can or will state a viable claim under any of his ten causes of action. As such, the Court **DENIES** Plaintiff further leave to amend. *See Sharkey v. O'Neal,* 778 F.3d 767, 774 (9th Cir. 2015), citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend may be denied if the court finds "undue delay, bad faith or dilatory motive on the part of the [plaintiff], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.").

## IV.   CONCLUSION

As set forth above, the motion is **GRANTED.** [Dkt. 37]. The complaint is **DISMISSED**. Leave to amend is **DENIED.**

**IT IS SO ORDERED.**